Dr. John DOE, Ph.D., Plaintiff,

v.

**LAWRENCE LIVERMORE NATIONAL LABORATORY, et al., Defendants.**

No. C–92–2284 SAW.

United States District Court, N.D. California.

March 25, 1993.

Richard Gayer, San Francisco, CA, for plaintiff.

James Holst, Gen. Counsel, Regents of UC, Oakland, CA, Douglas Barton, Lee France, Hanson, Bridgett, Marcus, Vlahos & Rudy, San Francisco, CA, for defendants.

### MEMORANDUM AND ORDER

WEIGEL, District Judge.

### I. BACKGROUND

Plaintiff Dr. John Doe, Ph.D., alleges that he was offered, and in June of 1991 accepted, a position as physicist with the Defendant Lawrence Livermore National Laboratory ("LLNL").[1] The offer for employment included a salary of $6100.00 per month and a requirement that Plaintiff obtain a security clearance from the U.S. Department of Energy ("DOE"). Plaintiff further alleges that after he accepted the employment offer, Defendants attempted to withdraw the offer because LLNL and its personnel concluded that Plaintiff could not obtain a DOE security clearance.

---

1. LLNL is operated by the University of California under contract with the United States De-

partment of Energy.

On October 22, 1992, Plaintiff filed his first amended complaint, alleging breach of employment contract and violation of security regulations, under 42 U.S.C. § 1983 ("Section 1983 claim"). On February 5, 1993, upon motion by Defendants, the Court dismissed all claims against Defendant David Gardner[2]; the breach of contract claim against Defendant John Nuckolls[3]; and the Section 1983 claim against Defendants University of California, LLNL, Clark Groseclose, Robert Perret, Robert Perko[4], and Nuckolls in his official capacity.

Plaintiff moves for leave to amend his complaint and for reconsideration of part of the Court's February 5, 1993 Order. Defendants oppose the motions.

## II. DISCUSSION

■ On February 5, 1993, the Court granted Defendants' motion to dismiss the Section 1983 claim against Nuckolls in his official capacity. In so ruling, the Court stated that:

One exception to the rule disallowing Section 1983 claims against persons sued in their official capacities is where the plaintiff seeks *prospective injunctive relief.* This exception is not applicable here, however, because Plaintiff has not prayed for such relief.

February 5, 1993 Memorandum and Order, at n. 7 (citation omitted) (emphasis added).

**2.** David Gardner is the President of the University of California.

**3.** John Nuckolls is the Director of LLNL.

**4.** Clark Groseclose, Robert Perret, and Robert Perko are employed by the University of California at LLNL.

**5.** Plaintiff contends that because the contract to manage the LLNL between the University of California and the United States provides that the United States will indemnify the University for claims arising out of LLNL's operation, the University has consented to be sued in federal court. Plaintiff's contention is not well-taken. In deciding if an arm of the state "has waived its constitutional protection under the Eleventh Amendment, [the Court] will find waiver only where stated 'by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.'" *Edelman v. Jordan,* 415 U.S. 651, 673,

Plaintiff moves for leave to amend the complaint to add a claim for prospective injunctive relief so that Nuckolls, in his official capacity, can be reinstated. In light of the motion to amend, Plaintiff moves for reconsideration of the dismissal of the Section 1983 claim against Nuckolls in his official capacity.[5]

### A. Motion for Leave to Amend

■ A party may amend its pleading by leave of court, and "leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987). Leave to amend should be granted unless it is clear that the complaint cannot be saved by any amendment. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 541 (9th Cir.1984); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986).

Defendants contend that leave to amend should not be granted because Plaintiff cannot possibly cure the deficiency of his complaint. Specifically, Defendants assert that although Plaintiff's proposed second amended complaint purports to seek prospective injunctive relief, the relief is, in fact, compensation for Plaintiff's alleged *past* injury, and is therefore not prospective.[6] Therefore, Defendants contend, the Section 1983 claim cannot, as a matter of law, be brought against

94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974) (quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151; 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909)). The University of California has not expressly waived its Eleventh Amendment protection, nor does its contract with the United States "overwhelmingly imply" such a waiver.

**6.** Plaintiff's proposed second amended complaint contains a request for an "injunction under 42 U.S.C. § 1983 requiring Defendant Nuckolls in his official capacity as Director of [LLNL], to cause Plaintiff to be hired as a physicist at [LLNL], in accordance with the terms of the alleged contract."

The proposed second amended complaint might differ from the actual amendment filed by Plaintiff. *See* Reply Brief Supporting Motions to Reconsider Order on Motion to Dismiss and for Leave to File Second Amended Complaint, at n. 4 ("Perhaps the complaint herein should be amended to allege a class action.").

Nuckolls in his official capacity. *See Papasan v. Allain,* 478 U.S. 265, 277–78, 106 S.Ct. 2932, 2940, 92 L.Ed.2d 209 (1986); *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 425, 88 L.Ed.2d 371 (1985).

Defendants are correct that an injunction which would require Nuckolls to employ Plaintiff at LLNL is not prospective relief because such relief relates solely to an alleged past violation of federal law. *See Papasan,* 478 U.S. at 277–78, 106 S.Ct. at 2940; *Green,* 474 U.S. at 68, 106 S.Ct. at 425. However, Plaintiff asserts that it also seeks to enjoin Defendants' conduct as it applies to *future* applicants for employment with LLNL.[7] Because the Court's prohibition of this conduct would constitute prospective injunctive relief, Plaintiff might be able to amend the complaint to state facts which support a Section 1983 claim against Nuckolls in his official capacity. Accordingly, Plaintiff must be granted leave to amend. *See Robertson,* 749 F.2d at 541.

*B. Motion to Reconsider*

Because Plaintiff has not yet filed a second amended complaint, it is premature for the Court to determine whether it states a claim upon which relief can be granted against Nuckolls in his official capacity. Accordingly, Plaintiff's motion to reconsider must be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Leave to File Second Amended Complaint is GRANTED; and

(2) Plaintiff's Motion to Reconsider Order on Motion to Dismiss is DENIED, without prejudice.

---

7. Plaintiff contends that a November 18, 1992 memorandum from a LLNL employee "reveals an ongoing, continuing policy and practice of defendants to make 'employment suitability judgments, in part, based upon a reasonable estimate of the amount of time a particular candidate may require to receive the necessary security clearance.'" Plaintiff's Reply Brief Supporting Motions to Reconsider Order on Motion to Dismiss and for Leave to File Second Amended Complaint, at 4–5.