In re Deborah Marie GREENWOOD, Debtor.

Texas Higher Education Coordinating Board, Appellant,

v.

Deborah Marie Greenwood, Appellee.

No. 198–10939–7.
Civ.A. 1:99–CV–088C.

United States District Court,
N.D. Texas,
Abilene Division.

July 23, 1999.

Patrick H. Tyler, Bankruptcy Division, Attorney General of Texas, Austin, TX, for appellant.

Charles Dick Harris, Harris & McBeath, Abilene, TX, for appellee.

## MEMORANDUM OPINION AND ORDER

CUMMINGS, District Judge.

On this day, the Court considered the appeal of the Texas Higher Education Coordinating Board ("the Board"), Appellant, of the Bankruptcy Court's March 30, 1999 Order denying the Board's Motion to Dismiss Adversary Proceeding No. 99–1008 ("the Adversary Proceeding"). After carefully considering the written arguments of counsel and the record in this case, this Court is of the opinion that the decision of the Bankruptcy Court should be **REVERSED** and **REMANDED** to the Bankruptcy Court with instructions to dismiss Adversary Proceeding No. 99–1008 with prejudice.

### I. JURISDICTION

This Court has jurisdiction over this appeal from the Bankruptcy Court for the Northern District of Texas, Abilene Division, pursuant to 28 U.S.C. § 158(a), which provides appellate jurisdiction over bankruptcy matters to the district courts.

### II. STANDARD OF REVIEW

The standard of review for factual findings made by the bankruptcy court is found in Bankruptcy Rule 8013, which states in pertinent part: "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." FED.R. BANK. PROC. 8013. *See In re Luce*, 960 F.2d 1277 (5th Cir.1992). In contrast to the clearly erroneous standard of review for findings of fact, conclusions of law reached by the Bankruptcy Court are to be given *de novo* review by this Court. *Luce*, 960 F.2d at 1280.

The sole issue presented to this Court on appeal is whether the Adversary Proceeding filed by Greenwood pursuant to 11 U.S.C. § 523(a)(8) against the Board constitutes a suit against the State of Texas and is therefore prohibited by the Eleventh Amendment to the United States Constitution. Since this issue involves a question of law, this Court reviews the Bankruptcy Court's decision *de novo*.

### III. BACKGROUND

This case is an appeal from the Bankruptcy Court's interlocutory order denying the Board's Motion to Dismiss Adversary Proceeding No. 99–1008 on Eleventh Amendment grounds. On November 3, 1998, Debtor/Appellee, Deborah Marie Greenwood ("Greenwood"), filed a "no-asset" Chapter 7 petition in bankruptcy. On February 11, 1999, she was granted her discharge. Among other debts, Greenwood scheduled two student or educational loans, one held by AFSA Data Corporation (subsequently assigned to Texas Guaranteed Student Loan Corporation) and the other by the Board.

On February 1, 1999, Greenwood commenced the Adversary Proceeding[1] against the Board to determine the dischargeability of her College Access Loans pursuant to 11 U.S.C. § 523(a)(8), also known as a "hardship discharge." 11 U.S.C. § 523(a)(8) (1993 & Supp.1999).[2] On March 11, 1999, the Board filed a Motion to Dismiss the Adversary Proceeding on the grounds that, as a state agency of the State of Texas, the Board is immune from suit pursuant to the Eleventh Amendment to the United States Constitution. The Board argued in its Motion that the Bankruptcy Court lacked jurisdiction pursuant to the Federal Rules of Civil Procedure. On March 22, 1999, the Bank-

---

1. The Adversary Proceeding initiated by Greenwood was titled Complaint for a Discharge of Student Loans Pursuant to 11 U.S.C. § 523(a)(8)(B).

2. In 1998, Congress amended § 523 to remove subsection (A), which provided for the discharge of student loans that first became due more than 7 years before the date of the

filing of the bankruptcy petition. Pub.L. No. 105–224, 112 Stat. 1581. Thus, there no longer is a subsection (B) as pleaded by Greenwood. Still, Greenwood has requested that the student loans in issue be discharged on the grounds of undue hardship, as still provided by the statute.

ruptcy Court conducted a hearing on the Board's Motion to Dismiss. On March 30, 1999, the Bankruptcy Court entered an Order denying the Board's Motion, which stated in relevant part that "the determination of the dischargeability of a debt does not constitute a suit against the state." It is from this Order that the Board has appealed.

It is undisputed that the Board neither consented to the Adversary Proceeding nor appeared in Greenwood's Chapter 7 bankruptcy proceeding other than to file its Motion to Dismiss and to seek a stay pending appeal when the Motion was denied. It is also undisputed that the Board is an agency of the State of Texas. The Board exists pursuant to the authority granted to it by the Texas State Legislature in the Higher Education Coordinating Act of 1965, codified as Chapter 61 of the Texas Education Code (Vernon's 1996). The Board supervises and administers the student loan programs authorized by Chapter 52 of the Texas Education Code pursuant to Article III, Sections 50b, 50b–1, 50b–2, 50b–3, and 50b–4 of the Texas Constitution. TEX.EDUC.CODE ANN. § 52.01 (Vernon 1996).

### IV. DISCUSSION

#### A.

■ Under Bankruptcy Code 11 U.S.C. § 523, the general rule is that educational loans are non-dischargeable in bankruptcy. 11 U.S.C. § 523(a)(8) (1993 & Supp.1999). The statute specifically provides that debtors are not discharged from any debt for educational loans made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit. *Id.* However, § 523(a)(8) also provides an exception to the non-dischargeability rule: educational loans may in fact be discharged if the debtor shows that excepting educational loans from discharge will impose an undue hardship on the debtor and the debtor's dependents. *Id.*

■ Unlike some of the exceptions to discharge provided for in § 523, the student loan discharge provision in 11 U.S.C. § 523(a)(8) is not self-effectuating. Instead, "it requires the debtor to bring an adversary proceeding to determine whether the debt is, in fact, dischargeable under the provisions of the Bankruptcy Code." *In re Stout,* 231 B.R. 313, 315 (Bankr. W.D.Mo.1999). In the present case, Greenwood brought such a proceeding not against a private lender but, rather, against an agency of the State of Texas, thereby implicating sovereign immunity under the Eleventh Amendment.

#### B.

■ One of the primary aims of the Eleventh Amendment to the United States Constitution is to protect the inviolability of state sovereignty in the federal system. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. In *Alden v. Maine,* —— U.S. ——, 119 S.Ct. 2240, —— L.Ed.2d —— (1999), Justice Anthony M. Kennedy, writing for the majority, recently stated that "the sovereign immunity of the States neither derives from nor is limited by the terms of the Eleventh Amendment." *Id.* at ——, 119 S.Ct. at 2246. Rather, he stated, "the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today (either literally or by virtue of their admission into the Union upon an equal footing with the other States) except as altered by the plan of the Convention or certain constitutional amendments." *Id.*

■ In essence, the Eleventh Amendment operates as a jurisdictional bar to suits filed in federal courts by private indi-

viduals against an unconsenting state—absent waiver or congressional abrogation of sovereign immunity under section five of the Fourteenth Amendment. *See* U.S. CONST. amend. XI; *Seminole Tribe v. Florida,* 517 U.S. 44, 56–58, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Further, Eleventh Amendment immunity applies not only to the states, but also to agencies of the states. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

■ The Bankruptcy Code, as enacted in 1978, recognized the profound effect that state claims of sovereign immunity under the Eleventh Amendment could have on bankruptcy proceedings. Section 106 of the Bankruptcy Code, as originally enacted, provided for waiver of sovereign immunity in certain circumstances. In 1994, Congress amended § 106 to make clear its intention to abrogate sovereign immunity as to governmental units with respect to certain sections of the Bankruptcy Code. In amending 11 U.S.C. § 106, Congress specifically abrogated the States' assertion of sovereign immunity in adversarial actions brought for a determination of dischargeability under § 523 of the Bankruptcy Code. 11 U.S.C. § 106(a)(1). Relying on *Seminole Tribe,* several lower courts, including the United States Court of Appeals for the Fifth Circuit, have held that § 106(a), which purports to abrogate sovereign immunity, violates the Eleventh Amendment and is therefore unconstitutional. *See In re Estate of Fernandez,* 123 F.3d 241 (5th Cir.1997); *In re Schmitt,* 220 B.R. 68, 71 (Bankr.W.D.Mo.1998).[3] It is clear that Congress may not constitutionally abrogate state sovereign immunity in bankruptcy proceedings such as those in the present case. Based on those decisions, this case, as captioned, must be dismissed.

When it held that "the determination of the dischargeability of a debt does not constitute a suit against the state," the Bankruptcy Court relied upon *Texas v. Walker,* 142 F.3d 813 (5th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 865, 142 L.Ed.2d 768 (1999). In *Walker,* the State of Texas filed suit against a university professor in state court alleging that he improperly retained professional fees. *Id.* at 815–16. The professor counterclaimed and the case was ultimately removed to federal court by the other counter-defendants. *Id.* In his successful motion for summary judgment, Walker asserted the affirmative defense of discharge in bankruptcy to the State's claim. On appeal, the State invoked the Eleventh Amendment and claimed that Walker's discharge order entered in the main bankruptcy case was ineffective as against the State. *Id* at 819.

Judge Edith Jones, writing for the court, stated that "the precise issue here is whether the Eleventh Amendment prevents the discharge of a debt owed to a state in a bankruptcy proceeding *in which the state does not participate in any fashion." Id.* at 820 (emphasis added). In holding that it does not, the court confined its opinion to "mean only that the discharge may be raised as a defense to the state's suit on the debt." *Id.* Thus, the court's holding in *Walker* deals only with cases in which the State does not participate in any fashion in the bankruptcy proceedings. Because those are not the circumstances of the instant case, *Walker* is inapplicable to the case *sub judice.* In fact, the court in Walker noted that "[c]ases that have considered *Seminole's* impact on the bankruptcy practice have generally concerned *adversary proceedings* brought by the trustee or a party in interest against the state in federal court

---

3. *Sacred Heart Hosp. of Norristown v. Commonwealth of Pa. Dep't of Pub. Welfare (In re Sacred Heart Hosp. of Norristown),* 133 F.3d 237, 243 (3rd Cir.1998); *Schlossberg v. Maryland (In re Creative Goldsmiths of Washington D.C., Inc.),* 119 F.3d 1140, 1145 (4th Cir.

1997); *French v. Georgia Dep't of Revenue (In re ABEPP Acquisition Corp.),* 215 B.R. 513, 518 (6th Cir. BAP 1997); *Rose v. United States Dep't of Educ. (In re Rose),* 214 B.R. 372, 376 (Bankr.W.D.Mo.1997).

to recover money damages. Just as *Seminole* renders 11 U.S.C. § 106(a) unconstitutional, it perforce *deprives federal courts of jurisdiction over these unconsented-to suits against the state.*" *Id.* at 821 (emphasis added).

Finally, the court in *Walker* distinguished the circumstances of its case—a simple discharge proceeding—with the circumstances in the instant case—an adversary proceeding. Judge Jones wrote:

> Additional support for our view that the granting of a bankruptcy discharge does not offend the Eleventh Amendment—*although commencement of certain adversary proceedings directly against the state that has not filed a proof of claim in a bankruptcy case would do so*—....

*Walker,* 142 F.3d at 823 (emphasis added).

In her brief, Greenwood also argues that the Board should not receive Eleventh Amendment immunity because "no relief is actually being sought against the Board." Greenwood states that "[n]o damages, costs, sanctions, or recovery of any kind whatsoever are being sought against the State of Texas in this action." However, this Court notes that a proceeding to determine the dischargeability of a debt owed to the State of Texas could result in both a restraint on the actions of the State (i.e., by prohibiting it from collecting on a debt) and a drain on the public treasury (i.e., by not receiving payment of a debt). *See In re Stout,* 231 B.R. 313, at 315. Therefore, it is clear that a adversary proceeding brought in federal court against a state agency to determine the dischargeability of student loans is in actuality a suit against the state. That being the case, the adversary proceeding brought by Greenwood against the Board is barred by the Eleventh Amendment.

### V. Conclusion

This Court finds that Greenwood's Complaint for a Discharge of Student Loans filed against the Board is in fact a suit against the State of Texas. As such, the Board is entitled to Eleventh Amendment sovereign immunity. Accordingly, the decision of the Bankruptcy Court is **REVERSED** and **REMANDED** to the Bankruptcy Court with instructions to dismiss Adversary Proceeding No. 99–1008 with prejudice.