**In re Carol Douglas MUIR, Debtor.**

**Carol Douglas Muir, Plaintiff,**

**v.**

**Sallie Mae Servicing Corporation, and New York State Higher Education Services Corporation, Defendants.**

Bankruptcy No. 98–33267–7.
Adversary No. 99/00022.

United States Bankruptcy Court,
D. Montana,
Butte Division.

Sept. 17, 1999.

Bruce M. Wilson, Missoula, MT, for the plaintiff.

Kathleen C. McBride, Corette Pohlman & Kebe, Butte, MT, for the defendant.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this adversary proceeding the Defendant New York State Higher Education Services Corporation ("NYSHESC") filed a motion to dismiss complaint on August 5, 1999, on the grounds this Court lacks subject matter jurisdiction or lacks jurisdiction over NYSHESC under Rule 7012 (applying Fed.R.Civ.P. 12(b)(1) & (2) in adversary proceedings) due to the State of New York's Eleventh Amendment sovereign immunity.[1] The Plaintiff has filed objections, and the parties have each submitted briefs. Trial of this cause is scheduled at Missoula on October 12, 1999. For the reasons set forth below, NYSHESC's motion to dismiss complaint is denied.

### BACKGROUND

The Debtor/Plaintiff filed a voluntary Chapter 7 petition on November 9, 1998. Her Schedule F lists student loan debts owed to Sallie Mae Servicing Corp. ("Sallie Mae") in the sum of $53,518.00. The Clerk of the Bankruptcy Court mailed a notice of commencement of the case to the creditors, including Sallie Mae, on November 22, 1998. On March 4, 1999, the Debtor commenced this adversary proceeding against the United States of America, Department of Education ("DOE"), Sallie Mae, and Portland State University ("PSU"), seeking a determination that the Debtor's student loans are dischargeable under 11 U.S.C. § 523(a)(8) because excepting such debts will impose an undue hardship on the Debtor. A Discharge of Debtor was entered in Case No. 98–33267–7 on March 9, 1999, and served upon Sallie Mae. The Trustee filed a no-asset report on March 10, 1999.

On April 26, 1999, the DOE notified the Court that it had no interest in the matter since the Debtor owed it no student loans. The United States and PSU were each dismissed by Order entered May 13, 1999. The Debtor moved to join NYSHESC on May 19, 1999, on the grounds Sallie Mae had filed an insurance claim of the Debtor's student loans with NYSH-

---

1. The Eleventh Amendment of the United States Constitution states:

    "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

ESC, and NYSHESC paid such claim and purchased the student loans, according to its reply brief, on or about April 10, 1999. The Court granted Debtor's motion and joined NYSHESC. Debtor filed an amended complaint seeking a determination that her student loan debts owed to Sallie Mae which was transferred to NYSHESC are dischargeable under § 523(a)(8). NYSHESC filed an answer and a motion to dismiss. NYSHESC's answer admits paragraph 1 of the amended complaint which states: "This is a core proceeding pursuant to 28 U.S.C. § 157[b](2)[I], and this court has jurisdiction to hear and determine this case pursuant to 28 U.S.C. § 1334." Later in its answer, however, NYSHESC contends the Court lacks subject matter jurisdiction since it is an agency of the State of New York and is immune from suit in federal court by a private citizen under the Eleventh Amendment.

NYSHESC filed a motion to dismiss, supporting brief, and reply brief contending that the State of New York's Eleventh Amendment sovereign immunity deprives this Court of jurisdiction over it, and that it has not waived its sovereign immunity. The Plaintiff filed a brief in opposition, arguing that NYSHESC consented to jurisdiction and waived sovereign immunity by purchasing the Plaintiff's loan from Sallie Mae with knowledge of the pending § 523(a)(8) dischargeability proceedings.

## DISCUSSION

■■■ Eleventh Amendment immunity proscribes federal jurisdiction over nonconsenting states. *In re Mueller,* 211 B.R. 737, 739 (Bankr.Mont.1997); *quoting Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). This Court has already held that Congress has no authority under the Bankruptcy Clause of the United States Constitution art. I, § 8, cl. 4 to abrogate state sovereign immunity in federal courts, and that 11 U.S.C. § 106(a) is void as unconstitutional. *See, In re Mueller,* 211 B.R. 737,

740–41 (Bankr.D.Mont.1997). On the other hand, sovereign immunity does not bar all judicial review of sate compliance with the Constitution and valid federal law. *Alden v. Maine,* 527 U.S. ——, 119 S.Ct. 2240, 2266–67, 144 L.Ed.2d 636 (1999). Sovereign immunity is limited by States' consent to suit, either pursuant to the plan of the Constitutional Convention or subsequent amendments, specifically the Fourteenth Amendment, § 5 which is not applicable in the instant case. *Id.* In addition to consent, sovereign immunity is not a bar to suits prosecuted against a municipal corporation "or other government entity which is not an arm of the State." *Alden v. Maine,* 119 S.Ct. at 2267. Further, sovereign immunity does not bar certain actions for injunctive or declaratory relief against a state officer in his individual capacity for unconstitutional or wrongful conduct attributable to the officer, so long as relief is sought from the officer personally and not from the state treasury. *Alden v. Maine,* 119 S.Ct. at 2267–68; *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). "[C]ertain suits for declaratory or injunctive relief against state officers must therefore be permitted if the Constitution is to remain the supreme law of the land." *Alden v. Maine,* 119 S.Ct. at 2263 (*construing Ex parte Young*).

■■■ In *Mueller,* this Court noted that it falls upon a plaintiff suing a nonconsenting State to establish that the state's sovereign immunity does not preclude the federal court's jurisdiction. However, NYSHESC has skipped a preliminary step in asserting sovereign immunity. NYSHESC is not the State of New York. It is a separate entity, a corporation established under the laws of the State of New York. N.Y. Educ. § 652. The State of New York is not a named Defendant in this adversary proceeding. In the Ninth Circuit, in order to establish that NYSHESC is an "arm of the state" entitled to Eleventh Amendment immunity, NYSHESC has the

burden of proving the facts that establish its immunity. *ITSI TV Productions v. Agricultural Associations,* 3 F.3d 1289, 1292 (9th Cir.1993).

NYSHESC was established for the purpose of participation in federal guaranteed student loan programs as a "guaranty agency", which is defined as a State or private nonprofit organization that has an agreement with the Education Secretary to administer a federal loan guarantee program. 34 C.F.R. Ch. VI, § 682.200(b). NYSHESC was empowered to lend money, guarantee student loans and to enter into cooperative agreements with the federal government to administer and operate federal student loan aid programs. NY Educ. § 652(2); NY Educ. § 680(1).

The test the Ninth Circuit uses in evaluating NYSHESC's claim that it is an "arm of the state" includes five (5) factors: (1) whether a money judgment would be satisfied out of state funds; (2) whether the entity performs central governmental functions; (3) whether the entity may sue or be sued; (4) whether the entity has power to take property in its own name or only the name of the state; and (5) the corporate status of the entity. *ITSI TV Productions v. Agricultural Associations,* 3 F.3d at 1292; *Doe v. Lawrence Livermore National Laboratory,* 131 F.3d 836, 839 (9th Cir.1997). In determining these factors, the Court looks to the way state law treats the entity. *ITSI TV Productions v. Agricultural Associations,* 3 F.3d at 1292.

In the instant case neither NYSHESC nor the Plaintiff has addressed any of these factors. The record is inadequate to undertake a full evaluation of the five factors, and thus NYSHESC's motion to dismiss is denied, although NYSHESC may raise its Eleventh Amendment immunity at any time even for the first time on appeal. *In re Mitchell,* 222 B.R. 877, 885 (9th Cir. BAP 1998). If it raises sovereign immunity again, NYSHESC must satisfy the five-factor *ITSI TV Productions v. Agricultural Associations* test.

At first glance, several of the factors suggest against a finding that NYSHESC is an arm of the state. Since it is in the business of lending money and guaranteeing student loans pursuant to a program established under federal law, NYSHESC can hardly be argued to be performing "central governmental functions" such as collecting taxes, operating the legislative, judicial and executive branches of state government, and maintaining roads. *ITSI TV Productions v. Agricultural Associations,* 3 F.3d at 1293.

NYSHESC is empowered to sue and be sued in the name of the corporation pursuant to N.Y. Educ. § 653(4), although by itself a state's intention to "sue and be sued" does not constitute a clear and unequivocal declaration of waiver of its sovereign immunity. *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board ("College Savings Bank"),* ── U.S. ──, 119 S.Ct. 2219, 2226, 144 L.Ed.2d 605 (1999) (Overruling *Parden v. Terminal Ry. of Ala. Docks Dept.,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964), and rejecting the theory of constructive or implied waiver of state sovereign immunity. *College Savings Bank,* 119 S.Ct. at 2227, 2229.).

The fourth factor is whether NYSHESC has power to take property in its own name or only the name of the state. NYSHESC has the power and duty "to take, hold, and preserve, *on behalf of the corporation* all moneys appropriated to the corporation or otherwise available to it." NY Educ. § 653(1) (emphasis added). For the fifth factor, NYSHESC is a corporation, albeit an educational corporation in the State Education Department and within the University of the State of New York. N.Y. Educ. § 652(1).

The first factor, whether a money judgment would be satisfied out of state funds, is the most important factor.

*ITSI TV Productions v. Agricultural Associations,* 3 F.3d at 1292; *Durning v. Citibank, N.A. ("Durning"),* 950 F.2d 1419, 1424 (9th Cir.1991). It is the entity's legal liability that is relevant, even though a judgment may have no impact upon the state treasury. *Regents of the University of California v. Doe,* 519 U.S. 425, 431, 117 S.Ct. 900, 904, 137 L.Ed.2d 55 (1997); *In re Mitchell,* 222 B.R. at 884. Given the incomplete record at this stage of this proceedings, this first factor remains undetermined and NYSHESC has not satisfied its burden of showing it is an arm of the state entitled to Eleventh Amendment immunity.

The Plaintiff does not seek a money judgment against NYSHESC or the State of New York. Her prayer does not seek attorney's fees, or any relief other than a determination that her student loan debts are dischargeable because excepting them from discharge would be an undue hardship upon her under § 523(a)(8). While several courts have concluded that the Eleventh Amendment extends to suits for declaratory relief as well as to money damages, *In re Mitchell,* 222 B.R. at 884, that does not equate to a conclusion that the State of New York would have a legal liability to pay a judgment against NYSHESC. *See ITSI TV Productions v. Agricultural Associations,* 3 F.3d at 1293 n. 3 "([T]he mere possibility that state funds might be used to pay a judgment is of no independent significance: 'The relevant question is whether the state would have a *legal liability* to pay the judgment, not whether the defendant entity would have the *practical ability* to pay it.)'" (*quoting Durning,* 950 F.2d at 1424 n. 2) (Emphasis in original)).

The court concluded in *ITSI TV Productions v. Agricultural Associations* that the California State Fair and Exposition ("Cal Expo") was not an arm of the State of California because its funds are derived from its own activities or allocation from special revenue funds, and there appeared no obligation on the part of the state to pay debts of a special fund agency even though other statutes required funds must be appropriated to pay judgments against the State. 3 F.3d at 1292–93 & n. 2 & 3. The Ninth Circuit wrote: "The critical question is whether, in the event of a judgment against Cal Expo, 'the state treasury would also be legally pledged to satisfy the obligation.' *Durning,* 950 F.2d at 1424." *ITSI TV Productions v. Agricultural Associations* 3 F.3d at 1293. There was no showing in *ITSI TV Productions v. Agricultural Associations* that the state treasury would be legally pledged to satisfy an obligation in the event of a judgment against Cal Expo judgment in this adversary proceeding.

Similarly, in *Durning* the court concluded the Wyoming Community Development Authority (the "Authority") was not an arm of the state entitled to sovereign immunity under the Eleventh Amendment because of its separate corporate status, its power to contract in its own name, its power to sue and be sued, and its bond issuing powers which fund a special fund. *See,* 950 F.2d at 1424–1428. In light of the detailed analyses in *ITSI TV Productions v. Agricultural Associations* and *Durning,* the Court must deny NYSHESC's motion to dismiss because it has not satisfied its burden of showing that it is an arm of the state entitled to Eleventh Amendment sovereign immunity. Eleventh Amendment immunity does not extend to suit prosecuted against a government entity which is not an arm of the State. *Alden v. Maine,* 119 S.Ct. at 2267.

■■■ Even if NYSHESC satisfies its burden and is entitled to sovereign immunity, it does not automatically follow that this Court is divested of jurisdiction to hear and decide this matter. There is no dispute that on the date the Debtor filed her complaint in this adversary proceeding on March 4, 1999, Sallie Mae was the creditor with a claim consisting of the Debtor's student loans. Debtor's attorney served the summons and complaint upon Sallie Mae on March 7, 1999.

Neither Sallie Mae nor NYSHESC has filed a claim in this case. Sallie Mae was specifically directed not to file a claim until told to do so by the notice of bankruptcy filing served upon it November 22, 1998. Allowance of claims is governed by 11 U.S.C. § 502(b), which specifies that a claim is allowed in an amount "as of the date of the filing of the petition". This section makes it clear that the petition date establishes the right to allowance of a claim. "Debt" is defined as "liability on a claim". 11 U.S.C. § 101(12). "Creditor" means "(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." It is not disputed that Sallie Mae had a claim against the Debtor that arose before the petition date for student loans. F.R.B.P. 3001(e) provides for a transferee of a claim other than for security to file a proof of claim, which NYSHESC has declined to do in order to preserve its sovereign immunity. *See Gardner v. New Jersey,* 329 U.S. 565, 573, 67 S.Ct. 467, 91 L.Ed. 504 (1947).

NYSHESC admits purchasing the loan from Sallie Mae on April 10, 1999, as it was required to do under federal regulation 34 C.F.R. § 682.402(h), which required NYSHESC to purchase the claim from Sallie Mae because of the Debtor's bankruptcy case. NYSHESC contends that this requirement under federal regulations defeats Debtor's contention that it voluntary waived its sovereign immunity by stepping into Sallie Mae's shoes when it purchased the student loan claims. After the Supreme Court's decision in *College Savings Bank* overruling constructive waiver in sovereign immunity cases, the Court agrees that implied waiver does not appear applicable in this case based upon NYSHESC's purchase of the claim from Sallie Mae:

> [T]here is little reason to assume actual consent based upon the State's mere presence in a field subject to congressional regulation. There is a fundamental difference between a State's ex-

pressing unequivocally that it waives its immunity, and Congress's expressing unequivocally its intention that if the State takes certain action it shall be deemed to have waived that immunity. In the latter situation, the most that can be said with certainty is that the State has been put on notice that Congress intends to subject it to suits brought by individuals. That is very far from concluding that the State made an "altogether voluntary" decision to waive its immunity.

*College Savings Bank,* 119 S.Ct. at 2228.

On the other hand, NYSHESC has additional obligations under the same federal regulations which it argues required it to purchase the student loans from Sallie Mae. Joseph Bradley filed an affidavit in support of NYSHESC's motion to dismiss, in which he contends he is responsible to ensure that NYSHESC complies "with all statutes and regulations which govern" the federal student loan program. Bradley Affid. p. 2. NYSHESC cannot persuasively argue that it is required by federal regulations to purchase the loan from Sallie Mae, but is not required to comply with other related regulations. Sovereign immunity does not allow a State to disregard the Constitution or valid federal laws. *Alden v. Maine,* 119 S.Ct. at 2266–67; *In re NVR,* 1999 WL 486614 *7 (4th Cir.1999) ("The Eleventh Amendment, of course, does not free Maryland from federal law, but simply the jurisdiction of federal courts."). Yet, that is what NYSHESC is attempting to do in seeking dismissal of this adversary proceeding on the basis of Eleventh Amendment, rather than performing its duties as a guaranty agency according to the same federal regulations it relies upon to explain its post-petition purchase from Sallie Mae of Debtor's student loan debt.

34 C.F.R. § 682.402(i)(1) requires NYSHESC, as guaranty agency in a bankruptcy case in which a debtor seeks

discharge of student loans on grounds of undue hardship under § 523(a)(8), to "determine on the basis of reasonably available information—. . . (B) Whether repayment . . . would impose an undue hardship on the borrower and his or her dependents." After such determination, the guaranty agency is to undertake a cost/benefit analysis of opposing such a dischargeability proceeding and, if the agency determines repayment would not constitute an undue hardship and the costs of opposing dischargeability do not exceed one-third of the total debt owed[2], the agency "shall" oppose the borrower's petition for dischargeability. § 682.402(i)(1)(B).

Instead of participating in this adversary proceeding as it is required to do under § 682.402(i)(1)(B), NYSHESC seeks dismissal on the grounds of Eleventh Amendment immunity. The regulations set forth a specific course of action for guaranty agency to take in opposing a dischargeability proceeding under § 523(a)(8), and they do not include the shortcut NYSHESC seeks via Eleventh Amendment immunity. NYSHESC's argument that it purchased the loan from Sallie Mae because the regulations so required is undercut by its selective view of its obligations under federal law.

NYSHESC asserts sovereign immunity as its sole ground for dismissing the entire complaint, even though the Plaintiff initiated the adversary proceeding against, among others, Sallie Mae. Sallie Mae has not appeared, and has not asserted, nor is it entitled to assert, the State of New York's Eleventh Amendment sovereign immunity. NYSHESC contends that this Court lacks jurisdiction "to entertain the Plaintiff's adversary proceeding Complaint against NYSHESC, and this adversary complaint seeking the discharge of the Plaintiff's student loan should be dis-

missed" due to its sovereign immunity. However, even if NYSHESC's sovereign immunity argument is valid, that is not necessarily reason to dismiss the entire adversary proceeding. Sallie Mae remains a named party, and was the party with a claim against the Debtor on the petition date, and on the date the Plaintiff filed her adversary complaint. Furthermore, under 34 C.F.R. § 682.402(j)(1)(ii), Sallie Mae's repurchase of the Debtor's student loans from the guaranty agency if they are determined to be nondischargeable is mandatory.

A complaint for a determination of dischargeability constitutes a suit for purposes of the Eleventh Amendment, *In re Mitchell*, 222, B.R. 877, 884–85 (9th Cir. BAP 1998); *See In re Morrell*, 218 B.R. 87, 89–90 (Bankr.C.D.Cal.1997). Even so, this Court applies the facts as they existed on the petition date in this bankruptcy case in determining dischargeability. *In re Combs*, 101 B.R. 609, 614–15 (9th Cir. BAP 1989); *In re Tessler*, 44 B.R. 786, 788 (Bankr.S.D.Cal.1984). On the petition date, November 9, 1998, Sallie Mae, not NYSHESC, held student loan claims against the Debtor. NYSHESC did not purchase Debtor's student loan debt from Sallie Mae until, at the earliest, April 10, 1999. If NYSHESC enjoys New York's Eleventh Amendment sovereign immunity, Sallie Mae does not.

This Court had jurisdiction over the Debtor's dischargeability complaint on March 4, 1999, when she filed her complaint. Debtor's claim for dischargeability under § 523(a)(8) is a core proceeding which this Court has jurisdiction to hear and determine under 28 U.S.C. § 157(b)(2)(I). NYSHESC's answer admits this Court has jurisdiction to hear and determine this case. Section 523(a)(8) is

---

**2.** NYSHESC's supporting memorandum states the Debtor owes it $53,387.82 as of April 10, 1999. Debtor's Schedule I and Statement of Financial Affairs show the Debtor is employed as a temporary clerical work-

er, earns $855 net per month and has monthly expenses of $805. Her 1996 income was $8,622; 1997 income was $7,203; and 1998 income through October 11, 1998, was $5,100.36.

not self-effectuating, it requires the debtor to bring an adversary proceeding to determine whether the debt is dischargeable under that section. *In re Greenwood,* 237 B.R. 128, 130 (N.D.Tex.1999); *In re Stout,* 231 B.R. 313, 315 (Bankr.W.D.Mo.1999). The Debtor did her part by filing her complaint. NYSHESC, after purchasing the student loans, was required to determine the merits of Debtor's dischargeability claim, and oppose it if warranted, by the provisions of 34 C.F.R. § 682.402(i). Sallie Mae remains potentially obligated to repurchase the loans from NYSHESC under 34 C.F.R. § 682.402(j)(1)(ii).

Instead of performing its obligations under 34 C.F.R. § 682.402(i), and filing a notice of transferred claim as provided under F.R.B.P. 3002(e), NYSHESC asserts sovereign immunity without satisfying its burden of showing it is an arm of the State. NYSHESC may ultimately succeed in obtaining dismissal for itself on the basis of Eleventh Amendment immunity, but that does not divest this Court of its jurisdiction to hear and decide whether Debtor's student loan debt is dischargeable under § 523(a)(8). This Court's jurisdiction over dischargeability of debt derives not from jurisdiction over a State or other creditors, but rather from jurisdiction over debtors and their estates. *In re NVR,* 1999 WL 486614 *6 (4th Cir.1999) (*quoting Maryland v. Antonelli Creditors' Liquidating Trust ("Antonelli")*, 123 F.3d 777, 787 (4th Cir.1997)). "Bankruptcy operates by virtue of the Supremacy Clause and without forcing the state to submit to suit in federal court." *State of Texas v. Walker,* 142 F.3d 813, 822 (5th Cir.1998) (*citing Antonelli* ).

There is no record in Case No. 98–33267–7 of Sallie Mae's transfer of Debtor's student loan debts to NYSHESC, only a statement in its brief and Bradley's affidavit. Given NYSHESC's failure to comply with its requirements under federal regulations to determine the merits and, if warranted, appear and oppose the Debtor's dischargeability complaint, and Sallie Mae's potential requirement to repurchase the loans from NYSHESC, this Court is not inclined to dismiss this adversary proceeding on the basis of NYSHESC's asserted sovereign immunity. In the first place, NYSHESC's conduct in refusing to honor of its requirements under federal student loan regulations is inconsistent with its obligation to obey the binding laws of the United States in good faith. *Alden v. Maine,* 119 S.Ct. at 2267. This lack of good faith is especially glaring when NYSHESC argues it was compelled to comply with the regulation requiring it to purchase Debtor's student loan debt from Sallie Mae, but ignores its obligations to determine the merits of Debtor's dischargeability claim and oppose it pursuant to 34 C.F.R. § 682.402(i).

In the second place, dismissal would leave the question of the dischargeability of Debtor's student loans unresolved. As stated above, the Debtor did her part by initiating the instant dischargeability proceeding. NYSHESC seeks dismissal on the basis of Eleventh Amendment Immunity, but dismissal would not equate to a determination on the merits. It is clear from *Walker* that the Debtor's right to assert an affirmative defense of discharge in bankruptcy to the State's suit on the debt in state court is preserved. 142 F.3d at 822–23; *Greenwood,* 237 B.R. at 131. The granting of a bankruptcy discharge does not offend the Eleventh Amendment, and the State cannot claim sovereign immunity against a claim of discharge. *Walker,* 142 F.3d at 822–823. Neither can Sallie Mae hide behind the State of New York's sovereign immunity from its contingent liability to repurchase loans which are determined to be nondischargeable.

A Discharge of Debtor was entered in the main bankruptcy case on March 9, 1999, releasing the Debtor from all dischargeable debts and voiding any future judgment with respect to "debts dischargeable under 11 U.S.C. § 523(a)".

With certain exceptions which are not applicable here the Bankruptcy Court has original and exclusive jurisdiction over the dischargeability of student loan debt under § 523(a)(8). *In re Towe,* 147 B.R. 545, 549 (Bankr.D.Mont.1992), (*citing In re Daley,* 776 F.2d 834, 838 (9th Cir.1985)), (*cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986)); *In re·Gruntz ("Gruntz"),* 166 F.3d 1020, 1024–26 & n. 4 (9th Cir.1999); *Berr v. FDIC,* 172 B.R. 299, 312 (9th Cir. BAP 1994); *In re Houtman,* 568 F.2d 651, 653–54 (9th Cir.1978). NYSHESC does not cite any authority granting another court jurisdiction over dischargeability proceedings.

In light of NYSHESC's failure to follow its obligations under 34 C.F.R. § 682.402(i), its failure to file proof of a transferred claim as provided under Rule 3002(e), the Court's undisputed jurisdiction over Debtor's core dischargeability proceeding on the petition date and on the date Debtor filed her complaint, and Sallie Mae's contingent liability to repurchase loans determined nondischargeable under 34 C.F.R. § 682.402(j)(1)(ii), this Court deems itself with authority and jurisdiction under the Supremacy Clause proceed with this adversary proceeding. If the student loans are determined to be dischargeable under § 523(a)(8), further declaratory relief may be available to the Debtor under the *Ex Parte Young* exception to sovereign immunity against any State officer which pursues collection against the Debtor of discharged student loan debts. *Alden v. Maine,* 119 S.Ct. at 2263, 2267–68 (*citing Ex parte Young*). Since *Walker* provides that the Debtor may assert discharge as an affirmative defense, and this Court has exclusive jurisdiction to determine the dischargeability of student loans, neither NYSHESC nor Sallie Mae could proceed in state court with collection of student loans in any event until after dischargeability of the loans is determined, without possibly violating the discharge injunction.

IT IS ORDERED NYSHESC's motion to dismiss this adversary proceeding, filed August 5, 1999, is denied.