In re Larry C. **LANKFORD**, Debtor.

Larry C. Lankford, Plaintiff,

v.

**State of Texas, Comptroller of Public Accounts, Defendant.**

**Bankruptcy No. 00–36156–SAF–7. Adversary No. 01–3011.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

March 29, 2001.

Sidney H. Scheinberg, Goldberg & Alexander, Dallas, TX, for Plaintiff.

Mark Browning, Assistant Attorney General, Bankruptcy & Collections Division, Austin, TX, for Defendant.

## *MEMORANDUM OPINION AND ORDER*

STEVEN A. FELSENTHAL, Bankruptcy Judge.

The Texas Comptroller of Public Accounts moves to dismiss this adversary proceeding based on the immunity from suit granted to the State of Texas by the Eleventh Amendment to the United States Constitution. Larry C. Lankford, the plaintiff and the debtor in a Chapter 7 bankruptcy case pending before this court, opposes the motion, contending that 11 U.S.C. § 106(a) allows the suit with this court being the only "qualified" court to decide this suit. The court conducted a hearing on the motion on February 15, 2001. At the hearing, Lankford observed that he thought he had an agreement with the Comptroller. Since the adversary proceeding had not been settled, Lankford requested that he be allowed to submit a post-hearing brief. The court granted that request and Lankford filed his brief on March 8, 2001.

The Comptroller represents that he is an agency of the State of Texas. Lankford admits that position. The court considers the defendant to be the State of Texas.

The State of Texas has not made a general appearance in this adversary proceeding, nor in the underlying bankruptcy case. The state has not filed a proof of claim in the bankruptcy case nor has the state taken any other action that would be deemed to amount to a waiver of its immunity from suit.

The state moves to dismiss under Fed. R.Civ.P. 12(b)(1) or (b)(2), made applicable by Bankruptcy Rule 7012. The court agrees with the state that, if the Eleventh Amendment bars the suit without the state's consent, the state should be able to prosecute a motion to dismiss under Rule 12(b).

Although this court respectfully disagrees with the controlling authority, the court must apply that authority and grant the motion to dismiss. *See Matter of Estate of Fernandez,* 123 F.3d 241, 246 (5th Cir.1997), *reh'g denied,* 130 F.3d 1138 (5th Cir.1997); *Texas v. Walker,* 142 F.3d 813, 821 n. 11 (5th Cir.1998), *cert. denied,* 525 U.S. 1102, 119 S.Ct. 865, 142 L.Ed.2d 768 (1999); *Texas Higher Educ. Coordinating Bd. v. Greenwood (In re Greenwood),* 237 B.R. 128, 130–32 (N.D.Tex.1999). If Lankford desires to prosecute this adversary proceeding, he must convince the Fifth Circuit and the Supreme Court that they have incorrectly rewritten the Eleventh

Amendment and impaired Art. I, § 8, the bankruptcy clause, of the Constitution.

■ The Eleventh Amendment states "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Lankford is not a citizen of another state or a citizen or a subject of a foreign state; he is a citizen of Texas. The Eleventh Amendment on its face does not apply. These "words of the constitution ... are ... incapable of being misunderstood. They admit of no variety of construction[.]" *Sturges v. Crowninshield*, 17 U.S. (4 Wheat.) 122, 198, 4 L.Ed. 529 (1819). Yet, apparently, the court must read that language to cover Lankford's adversary proceeding. *See Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

■ The Supreme Court has decreed that the Eleventh Amendment to the United States Constitution stands for two presuppositions: "first, that each State is a sovereign entity in our federal system; and second, that '[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (*citing Hans v. Louisiana*, 134 U.S. at 13, 10 S.Ct. 504).

■ The people adopted the Eleventh Amendment to nullify the Supreme Court's holding in *Chisholm v. Georgia*, 2 U.S. (2 Dall.) 419, 1 L.Ed. 440 (1793). Yet the underlying principles of the Constitution, as explained by the Supreme Court, remain unchanged. The people, not their governments, are sovereign. The people, through the Constitution, may make the states subject to the jurisdiction of the federal courts. Accordingly, as to the purposes of the Union, the states are not necessarily sovereign. *Chisholm*, 2 U.S. at 457. To the extent that the states may enjoy vestiges of sovereigns, such as an immunity from suit, the states must look to their constitutions and to the United States Constitution for the extent or application of that power. The people may remove vestiges of sovereignty from a state for a national purpose. "States are constituent parts of the United States. They are members of one great empire— for some purposes sovereign, for some purposes subordinate." *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 414, 5 L.Ed. 257 (1821). *Seminole Tribe* does not overrule these fundamental constitutional principles.

■ The people empowered the Congress to enact national bankruptcy laws. Art. I, § 8. Until the Congress acts on that grant of authority, the states may enact their own bankruptcy legislation. *See Sturges*, 17 U.S. at 195–97. However, when Congress enacts bankruptcy legislation, it acts exclusively and precludes state legislation. The state's vestiges of sovereignty yield to the national act. The people through the Constitution have transferred power for bankruptcy legislation from the states to the Congress. The application of the national bankruptcy legislation may be placed by Congress in the federal courts. Congress may abrogate a state's immunity from suit. *See Seminole Tribe*, 517 U.S. at 55–56, 116 S.Ct. 1114. Congress may and has provided that when it enacts a comprehensive bankruptcy code, the states' immunity from suit under the Eleventh Amendment is abrogated for core bankruptcy matters. 11 U.S.C. § 106(a). Lest the Eleventh Amendment not be read to, in effect, permit a state to usurp or frustrate the people's grant of bankruptcy power to the Congress, when Congress acts under the bankruptcy

clause, the act must permit suits in federal court against the states on core bankruptcy matters.

This court fails to understand the teachings that suggest that this scheme undermines a state in performing its functions. Section 106(a) merely assures that a federal court may determine core bankruptcy matters that are necessary for the collection, liquidation and distribution of a bankruptcy estate and the determination of the discharge of the debtor unimpeded by any immunity from suit. This provision fits within the scheme of the Bankruptcy Code, which shields the states in the exercise of their police powers, 11 U.S.C. § 362(b)(4), and grants a priority to the states for their taxes, 11 U.S.C. § 507(a)(8).

But the Fifth Circuit has rejected this reading of the bankruptcy clause, and has empowered the states to thwart a debtor's or even a trustee's ability to implement the Bankruptcy Code through the Eleventh Amendment when the core matter involves a state. *See Fernandez,* 123 F.3d at 243–45. The Fifth Circuit has focused on the geographic uniformity for bankruptcy laws without analyzing the impact on vestiges of sovereignty when Congress enacts bankruptcy laws. In addition, this court has previously opined that *Fernandez* fails to recognize that its holding fundamentally disrupts the balance of rights in the Bankruptcy Code. *See In re Geyman,* Adversary Proceeding No. 97–3522 (Bankr. N.D.Tex. Mar. 3, 1998), copy attached. Nevertheless, any relief for Lankford must come from the Fifth Circuit.

 This court's concern actually focuses on the refusal of the State of Texas to waive its immunity from suit in this adversary proceeding. The state may consent to be sued in federal court. Although

questioned at the hearing, the Attorney General of Texas could not offer a principled public policy reason not to consent to the instant suit.

The Attorney General concedes that Lankford is a citizen of Texas. He concedes that the plain language of the Eleventh Amendment does not bar the suit. He concedes that Lankford only seeks a declaration in this adversary proceeding of whether certain sales tax obligations are dischargeable under § 523 of the Bankruptcy Code. He concedes that the question goes to the very core of the Bankruptcy Code.

But the Attorney General asserts that the State of Texas is tired of being dragged to states around the country, such as to Pennsylvania, to litigate discharge issues. Last time this court looked out the courthouse windows, Dallas remained "deep in the heart ..." [1]

The Attorney General also asserts that he does not want to be dragged into bankruptcy cases to be forced to relitigate tax obligations or to be forced to renegotiate tax payment schedules. Apparently, the state has obtained a pre-bankruptcy judgment against Lankford. But this adversary proceeding does not seek to relitigate pre-petition determinations of tax liability. Nor does this suit seek a money judgment from the State of Texas. Nor does it seek a sanction from the State of Texas. It merely seeks a declaration of whether the tax debt is discharged under the Bankruptcy Code.

But rather than consent to a bankruptcy court making that determination, apparently the Attorney General would rather prosecute a collection effort, thereby forcing Lankford to raise discharge as an affirmative defense in a Texas state court, probably in Travis County, 200 miles from

---

1. Apologies to lyricist June Hershey, "Deep in the Heart of Texas," 1942.

Dallas County, with an appeal through the Texas appellate system, with the right to petition for United States Supreme Court review of the federal question.

Having established the immunity from suit, this court respectfully recommends that the state consider waiving the immunity or consenting to the suit of a citizen of Texas in a court in a federal district in Texas to determine the discharge of a debt under the Bankruptcy Code. *See TTEA v. Ysleta Del Sur Pueblo,* 181 F.3d 676, 685 (5th Cir.1999); *Fernandez,* 123 F.3d at 245. The Attorney General should not indiscriminately or automatically use the Eleventh Amendment as a litigation tactic to hamper its citizens who seek protection under the Bankruptcy Code.

Based on the foregoing,

**IT IS ORDERED** that the motion of the State of Texas to dismiss this adversary proceeding is **GRANTED** and the adversary proceeding is **DISMISSED.**